UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 01-1463(MJD/JGL)

UNITED STATES OF AMERICA,

PLAINTIFF,

V.

$4,690,000.00 IN FUNDS SEIZED FROM AMERICANA NATIONAL BANK MONEY MARKET ACCOUNTS IN THE NAMES OF ACCORD IKE BVI LTD., ACCOUNT #2294213, GROWING IKE BVI LTD., ACCOUNT #2294221, AND BRIGHT IKE BVI LTD., ACCOUNT #2294239,

DEFENDANT.

DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

Based on the motion of the United States for an order granting default judgment against all unknown persons having an interest in the defendant funds and for a final order of forfeiture; on the Stipulation for Settlement of Claims and Consent to Forfeiture between the United States and Claimants Kazuko Ikeda, Yoko Ikeda and Nobuko Ikeda Isokawa; on all the files and records in this action; and on Court's finding as follows that:

1. a verified Complaint for Forfeiture was filed on August 13, 2001, alleging that the defendant funds were subject to forfeiture pursuant to 31 U.S.C. § 5317(c);

2. a Warrant of Arrest and Notice *In Rem* was issued by the Clerk of Court on September 10, 2001, directing the United States Customs Service to arrest the defendant funds; to serve all known persons and entities having an interest in the defendant funds with a copy of the Summons, Complaint, and Warrant of Arrest and Notice

FILED SEP 18 2003
RICHARD D. SLETTEN, CLERK SEP 18 2003
JUDGMENT ENTD
DEPUTY CLERK

*In Rem*; and to give due notice to all known and unknown interested parties and entities to serve on the United States Attorney and file with the Clerk of Court, a verified statement of interest in or right against the defendant funds within 30 days from the date of service and an answer to the Complaint for Forfeiture within 20 days from the filing date of the verified statement;

3. the United States Customs Service arrested the defendant funds and served a copy of the Summons, Complaint, Warrant of Arrest and Notice *In Rem* on Kazuko Ikeda, Yoko Ikeda and Nobuko Ikeda Isokawa, through their attorney, George J. Terwilliger, White & Case, LLP;

4. a notice of the seizure and arrest of the defendant funds was published in the *Finance and Commerce*, Minneapolis, Minnesota, a newspaper of general circulation in the District of Minnesota, on October 16, 23 and 30, 2001, and in the *Daily Journal*, Los Angeles, California, a newspaper of general circulation in the Central District of California, on October 15, 22 and 29, 2001, giving notice to all unknown interested persons and entities of the verified statement and answer requirements;

5. Kazuko Ikeda, Yoko Ikeda and Nobuko Ikeda Isokawa filed verified statements of interest in the defendant funds and answers to the Complaint for Forfeiture;

6. no other verified statements of interest and answers to the Complaint for Forfeiture have been filed with the Clerk of

Court or served on the United States Attorney in response to the published notice of forfeiture, and the time for filing a verified statement and answer has expired based on the published notice of forfeiture;

6. the United States and Claimants Kazuko Ikeda, Yoko Ikeda and Nobuko Ikeda Isokawa have settled their claims to the defendant funds as set forth in the Stipulation for Settlement of Claims and Consent to Forfeiture; and

7. there was reasonable cause for the seizure and arrest of the defendant funds,

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. default judgment is entered against all unknown persons and entities having an interest in the defendant funds;

2. $351,750.00 of the defendant funds plus all interest earned on the full amount of the defendant funds since the dates of seizure is forfeited to the United States for disposition in accordance with law free and clear of any and all claims by any person or entity;

3. the remaining $4,338,250.00 of the defendant funds shall be returned to the claimants as provided for in the Stipulation for Settlement of Claims and Consent to Forfeiture; and

4. all other terms of the Stipulation for Settlement of Claims and Consent to Forfeiture shall be deemed in full force and effect and the Certificate of Reasonable Cause shall be issued by

the Court.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: Sept. 18, 2003

Michael J. Davis

MICHAEL J. DAVIS, Judge
United States District Court

Civil #01-1463

# UNITED STATES DISTRICT COURT
**District of Minnesota**

| | | |
|---|---|---|
| 700 Federal Building<br>316 North Robert Street<br>St. Paul, MN 55101 | 202 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415 | 417 Federal Building<br>515 West First Street<br>Duluth, MN 55802 |

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd